Guttilla Murphy Anderson
Ariz. Firm No. 00133300
**Steven R. Napoles** (Ariz. No. 023379)
City North
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: snapoles@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for Trudy A. Nowak, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Alexander William Garcia and Jennifer Ann Garcia,<br><br>Debtor(s). | Case No. 4:09-bk-24847-JMM<br><br>Chapter 7<br><br>**TRUSTEE'S MOTION TO COMPEL TURNOVER BY DEBTOR(S)** |

Trudy A. Nowak, Chapter 7 trustee herein ("Trustee"), respectfully requests an order of this Court pursuant to 11 U.S.C. §§ 521, 541, and 542 directing and compelling Alexander William Garcia and Jennifer Ann Garcia, the debtor(s) herein ("Debtor(s)") to turn over to Trustee certain books, records, papers and/or assets required by the Trustee to properly administer this estate. Trustee's motion is as follows:

1. Debtor(s) filed a Voluntary Chapter 7 Petition on October 2, 2009 ("Filing Date").

2. Pursuant to 11 U.S.C. §521, Debtor(s) is/are required to cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under the

Bankruptcy Code and surrender to the Trustee all property of the estate and any recorded documentation and information, including books, documents, records, and papers, relating to property of the estate. Debtor(s) is/are also required to cooperate with Trustee and provide information and explanations regarding their case.

3. On March 5, 2010 the Trustee, through counsel, requested certain books, records and papers regarding Debtors' interests and operations of an unincorporated business know as the "Alex Garcia Agency" ("Agency"). Debtor responded and provided partial records, agreements and documents regarding Agency.

4. Pursuant to 11 U.S.C. §541(a)(1), the bankruptcy estate is comprised of all legal or equitable interests of the debtor in property as of the commencement of the case.

5. Pursuant to 11 U.S.C. §542, all persons in possession of estate assets are required to turn over those assets or the value of those assets to the Trustee.

6. Agency is an insurance sales agency owned and operated as a DBA by Debtor Alex Garcia. Part of the records and books turned over by Debtors, included an Exclusive Agency Agreement between Alex W. Garcia and Allstate Insurance Company ("Allstate") dated May 1, 2007 ("Agreement"). Under the Agreement, Debtor is entitled to and receives commission payments from Allstate from the sale of insurance policies.

7. Under the Agreement, the Debtor also receives specifically denominated monthly payments for the renewal of insurance policies sold by the debtor pre-petition ("Renewal Commissions"). These commissions are paid separately from those commissions paid to the Debtor for the sale of new insurance policies.

Guttilla Murphy Anderson, P.C.
City North
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

Guttilla Murphy Anderson, P.C.
City North
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

8. Under the Agreement Debtor is not classified as an employee of Allstate, but rather the Agreement establishes an independent contractor relationship between Debtor and Allstate.

9. The renewal commissions are properly part of the Bankruptcy Estate and should be turned over to the Trustee. It has been determined that renewal commissions for the sale of insurance policies which are received by the Debtor post petition, but which are the result of pre-petition sales activities are properly part of the Estate and recoverable by the Trustee. *In Re: Palmer,* 167 B.R. 579 (Bkrtcy.D.Ariz., 1994). Additionally, the payment of commissions has been deemed to not be subject to any wage exemption. *In Re: Ozworth*, 234 B.R. 497 (9th Cir BAP 1999) (considering an Oregon wage garnishment exemption statute that is nearly identical to the Arizona exemption statute, A.R.S. §33-1131, and real estate commissions earned pre-petition and paid post-petition). Trustee respectfully submits the instance cases analogous and that the pre-petition Renewal Commissions earned by Debtor are properly part of the Estate and not subject to any exemption.

10. In addition to the Agreement, Debtor provided statements from Allstate indicating the payment of monthly commission payments from Allstate for insurance policies which were sold prior to the Filing Date. Debtors' records indicate that from October 1, 2009 to March 31, 2010 Debtor received renewal commissions from Allstate totaling $68,868.53.

11. The statements provided by Debtor to the Trustee do not provide any breakdown as to the policy upon which the renewal commissions are being paid.

WHEREFORE, Trustee respectfully requests an order of this Court directing and compelling the Debtor(s) to provide an accounting of the disposition of all renewal commissions and all renewal commissions received from the Filing Date to present, and for such other and further relief as is just and proper.

Dated: July 13, 2010

GUTTILLA MURPHY ANDERSON

/s/ Steven Napoles
Steven Napoles
Attorneys for the Trustee

COPY of the foregoing MAILED
on July 13, 2009, to:

Alexander W. and Jennifer A. Garcia
9337 N. June Bug Dr.
Tucson AZ 85742
Debtors

UNITED STATES TRUSTEE:
Office of the United States Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706

COPY of the foregoing EMAILED
on July 12, 2009, to:

Dan Gukeisen
Gukeisen Law Group, P.C.
localbankruptcyoffice@yahoo.com
Attorneys for Debtors

NOTICE OF APPEARANCE:
Mark S. Bosco, Esq.
TIFFANY & BOSCO, P.A.
msb@tblaw.com

/s/ Jeanie Knaack
1250-001(96938)